UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-00499-DAD-DLB<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE<br><br>(Doc. No. 2) |

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action in the U.S. District Court for the Northern District of California on March 22, 2016. (Doc. No. 1.) The action was then transferred to this court on April 6, 2016. (Doc. No. 4.) Plaintiff seeks leave to proceed *in forma pauperis* in this case.

However, plaintiff is subject to 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the undersigned noted recently in a separate action filed by this same prisoner plaintiff, plaintiff has suffered at least three dismissals qualifying as strikes under § 1915(g) prior to his

1

1 filing of this action.  *See Pierce v. Mims*, 1:16-cv-00045-DAD-JLT, Doc. No. 6 at 2, n.2 (E.D.
2 Cal. Mar. 8, 2016) (collecting cases brought by this plaintiff which have previously been
3 dismissed as frivolous, malicious and/or for failure to state a claim).  As such, since plaintiff
4 seeks *in forma pauperis* status under § 1915, he may not receive it unless he can demonstrate the
5 imminent danger requirement of § 1915(g).
6     The court has reviewed plaintiff's complaint and finds that his allegations do not satisfy
7 the imminent danger exception to § 1915(g).  *Andrews v. Cervantes*, 493 F.3d 1047, 1055–56 (9th
8 Cir. 2007).  The determination of whether plaintiff is under imminent danger of serious physical
9 injury is made based on the conditions at the time the complaint is filed, and the allegation of
10 imminent danger must be plausible.  *Id.* at 1053–55.
11     Plaintiff titles this action as a qui tam action brought under the False Claims Act for
12 medical fraud.  (Doc. No. 1 at 1.)  The allegations of his complaint are somewhat nonsensical:  he
13 contends that Magistrate Judge Thurston received medical data "as private medical information of
14 a shot for pain."  (Doc. No. 1 at 2.)  Plaintiff references a second shot for pain, and then states that
15 "no shot for pain exist to be provided by the California Department of Corrections."  (Doc. No. 1
16 at 2.)  It appears plaintiff's claim may relate to another action, though he does not refer or cite to
17 any other action brought by him.  In any event, plaintiff's allegations do not appear to be related
18 to current events, and do not even suggest the existence of an imminent danger of serious physical
19 injury.  Therefore, the court finds that plaintiff has failed to allege imminent danger of serious
20 physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment
21 of the filing fee.
22     Accordingly, plaintiff may not proceed *in forma pauperis*, and must submit the
23 appropriate filing fee in order to proceed with this action.  Therefore, this action is hereby
24 dismissed without prejudice, subject to plaintiff's refiling of his complaint with the submission of
25 /////
26 /////
27 /////
28 /////

1  the $400.00 filing fee in full.  This order terminates this action in its entirety and the Clerk of the
2  Court is directed to close this case.
3  IT IS SO ORDERED.
4  Dated:  **May 4, 2016**                                   /s/ Dale A. Drozd
5                                                                              UNITED STATES DISTRICT JUDGE