UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-00499-DAD-DLB (PC)<br><br>ORDER DENYING PLAINTIFFS'S MOTION FOR RECONSIDERATION AND MOTION TO DISQUALIFY<br><br>(Doc. Nos. 9 and 10) |

　　　　Plaintiff Seavon Pierce, a state prisoner proceeding *pro se*, filed this civil rights action in the U.S. District Court for the Northern District of California on March 22, 2016. (Doc. No. 1.) The action was transferred to this court on April 6, 2016. (Doc. No. 4.) On May 4, 2016, the court denied plaintiff' application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (Doc. No. 7.) The action was therefore dismissed without prejudice to refiling accompanied by the filing fee. (*Id*. at 2–3.) On May 23, 2016, plaintiff submitted two filings—a motion for reconsideration of the order dismissing this action without prejudice and a motion to disqualify the magistrate judge and district judge assigned to this case. (Doc. Nos. 9 and 10.) For the reasons that follow, both motions are denied.

/////

/////

1

### I. Motion for Reconsideration

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In his motion for reconsideration, plaintiff appears to disagree with the court's classification of this action as a civil rights complaint. (Doc. No. 9.) He contends that instead of a civil rights action, he filed a "statutory action permitted by statutory law" under the False Claims Act. Plaintiff accuses the court of fraud and suggests that 28 U.S.C § 1915(g) does not apply.[1] Plaintiff's arguments in this regard do not present grounds for reconsideration. First, § 1915(g) by its terms applies to all civil actions including appeals of a judgment in a civil action and is not limited to actions concerning conditions of confinement, meaning that it is applicable regardless of how plaintiff characterizes the nature of his action. Second, as has been explained to plaintiff by other courts, "the Ninth Circuit has repeatedly held that pro se plaintiffs are prohibiting from pursuing claims on behalf of others, and specifically may not prosecute False Claims qui tam actions on behalf of the United States without retaining licensed counsel." *Pierce v. Cal. Dep't of Corr.*, No. 1:15-cv-00482 BAM PC, 2015 WL 6081905, at *1 (E.D. Cal. Oct. 13, 2015) (*citing Simon v.*

---

[1] Plaintiff has filed numerous actions in the district courts within the State of California alleging similar claims.

*Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008). Therefore, as a party proceeding *pro se*, plaintiff cannot bring any False Claims actions on behalf of the United States as he has attempted to do here.

## II. Motion for Disqualification

Under 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party . . ." 28 U.S.C. § 455(b)(1).

Under both recusal statutes, the substantive standard is "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell*, 543 F.3d at 1043 (*citing United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id*. (*citing Liteky v. United States*, 510 U.S. 540, 554–56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (*quoting Liteky*, 510 U.S. at 555.)

Here, plaintiff's motion for disqualification is apparently based on his belief that the assigned judges have wrongfully prohibited him from proceeding on behalf of the United States in this action. (Doc. No. 10.) Not only is plaintiff incorrect, for the reasons discussed above, but he has failed to present *any* facts to suggest impartiality or bias on the part of the assigned judges outside of this court's legal rulings.

/////

**III. Conclusion**

For the reasons set forth above, plaintiff's motion for reconsideration (Doc. No. 9) and motion for disqualification (Doc. No. 10) are denied.

IT IS SO ORDERED.

Dated:   **August 2, 2016**

UNITED STATES DISTRICT JUDGE